# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRANCE T. PASCHAL, | : | |
| Plaintiff, | : | Case No.  3:10cv0447 |
| vs. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. LEMASTER, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Terrance T. Paschal, a resident of Dayton, Ohio, brings this case *pro se* against Michael J. Lemaster and the International College of Broadcasting.  The Complaint provides an address in Ohio for both Defendants.  (Doc. # 1).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B).  If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*.  *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable factual basis when its allegations are "fantastic or delusional."  *Brand*, 526 F.3d at 923 (quoting *Neitzke v.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199.  A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff.  *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009).  "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

Plaintiff alleges that "I was first deprived of a semester of Pell Grant monies. Secondly I must now change my career direction because Mr. Lemaster (director of I.C.B. college of broadcasting), started an argument and became verbally and physically challenging to me. Mr. Lemaster made false statements against me to have me charged, jailed, and humiliated."

Federal courts are courts of limited jurisdiction and must refrain from exercising jurisdiction unless certain that jurisdiction has been granted by Congress. Plaintiff's factual allegations, although not delusional, fail to reveal the presence of a claim over which this Court has subject matter jurisdiction.  *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction.").  Plaintiff's  Complaint does not raise allegations tending to show that one or more of the named defendants acted under the color of state law or violated Plaintiff's rights under the United States Constitution.  His allegations instead concern state-law conversion, defamation, assault and false imprisonment claims.

This Court only has subject matter jurisdiction over such state-law claims where the parties have diverse citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332(a). The Complaint reveals that the parties are residents of Ohio and does not indicate that complete diversity of citizenship exists or that the amount in controversy exceeds $75,000.

Accordingly, Plaintiff's Amended Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED without prejudice to filing in state court;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


December 2, 2010            s/Sharon L. Ovington
           Sharon L. Ovington
           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).